### THE EDWARD LUCKENBACK.

(District Court, S. D. New York. May 5, 1899.)

COSTS IN ADMIRALTY—ACTION FOR COLLISION—BOTH VESSELS IN FAULT.
    Where, on a libel for collision, both vessels are held in fault, and, libelant's vessel alone having been injured, no cross libel is filed, and libelant recovers half his damages, each side will be allowed one-half its taxable costs.

In Admiralty. On application for taxation of costs.

Carpenter & Park, for libelant.
James J. Macklin, for respondent.

BROWN, District Judge. In this case the libelant's vessel and the claimants' vessel being both held in fault, the damages were directed to be divided. The claimants' vessel was not injured by the collision, so that there was no cross libel, nor any damages set up in the answer. The libelant claims an allowance of half his costs, without taking into consideration the costs of the respondent. The latter contends that the practice in this district, in cases of mutual fault, is that the costs of both sides shall be divided as well as the damages,— the same as if a cross libel had been filed for the recovery of damages to respondent's vessel.

The general subject was carefully reviewed by Blatchford, J., in Vanderbilt v. Reynolds, 16 Blatchf. 80, Fed. Cas. No. 16,839, from which it appears that in cases like the present, costs for the most part have been either refused to each side, or else the costs of both have been apportioned between them. The precise point afterwards arose before him on appeal in the case of The Warren, 25 Fed. 783, 784, where the libelant's vessel alone was damaged, but both being held in fault, the libelant recovered half damages; and on consideration it was held that "the costs of both parties should have been equally apportioned," and both having appealed the same rule was also applied to the costs of the appeal. It is noticeable, moreover, that in that decision, Mr. Justice Blatchford construed the case of The America, 92 U. S. 432, 438, as requiring the costs of both sides to be apportioned, and not the costs of the libelant alone in cases like the present. The case of The Warren was decided by Mr. Justice Blatchford in July, 1885, and the practice in this court has since then been in accordance with that decision. It was applied in the case of The Max Morris, 24 Fed. 860, where each side taxed one-half its costs, as appears on the face of the

decree, and the decree on both appeals was affirmed. Id., 28 Fed. 881; Id., 137 U. S. 1, 11 Sup. Ct. 29. The same disposition of costs was made in the case of The Non Pareille, 33 Fed. 524.

In the present case each side will be allowed one-half its taxable costs.