## THE DEVONA.

### JOYCE v. CONVOY S. S. CO., Limited.

(District Court, D. Maine, S. D.    September 3, 1924.)

No. 574.

**1. Death ⬤⟳11—Right of action given by statute.**

The purpose of Rev. St. Me. 1916, c. 92, § 9, is to take action for death out of common-law maxim that action for death dies with person.

**2. Admiralty ⬤⟳21—State death statute held to attach new legal right and liability to purely maritime transaction.**

Effect of Rev. St. Me. 1916, c. 92, § 9, giving cause of action for death as applied to maritime tort, is to attach a new legal right and liability to purely maritime transaction.

**3. Admiralty ⬤⟳31—Maritime rule, and not common-law rule, held to govern as to effect of contributory negligence in libel for death.**

Where death statute of a state is invoked in case of instantaneous death resulting from maritime tort, and statute does not make contributory negligence defense to action for death, contention that contributory negligence is defense in such case must be determined under the maritime law, and not under the common law.

In Admiralty. Libel by Patrick J. Joyce, administrator of the estate of Michael J. Joyce, deceased, against the Convoy Steam-

ship Company, Limited, claimant, as owner of the Devona. Decree for libelant.

William H. Gulliver and Wm. B. Mahoney, both of Portland, Me., for claimant.

Nathan W. Thompson and William A. Connellan, both of Portland, Me., for libelant.

HALE, District Judge. In The Devona, Nos. 572 to 574, the court found both the ship and the libelants to have been in substantial fault contributing to the injury, and held that a case is presented of negligence on the part of certain stevedores, concurring with negligence on the part of the ship, and that damages must be divided. Reference was made to assessors, and the court said that, upon the coming in of the assessors' report, such further action would be taken as the case might require. The Devona (D. C.) 285 Fed. 173, 178.

The report of the assessors is now before the court. No question is found requiring the attention of the court except in this case—No. 574. The assessors have assessed damages for the libelant in the sum of $1,500. The claimant now contends that a finding of contributory negligence on the part of decedent is a bar to recovery, when the court is administering a state death statute. It raises this question by motions that the report of the assessors be rejected and that the libel in No. 574 be dismissed.

[1, 2] The Maine statute relating to this subject is found in R. S. 1916, c. 92, § 9, as follows:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as shall amount to a felony."

The purpose of this statute is clearly to take the case out of the common-law maxim that an action for death dies with the person; when the statute is applied to a maritime tort, as in the case now before the court, the effect of the statute is to attach a new legal right and liability to a purely maritime transaction. Before the statute, the case was damnum absque injuria; by the statute, it became at once a tort in the

full legal sense, and a maritime tort by reason of its place, its nature, and its circumstances, within the definition given by Mr. Justice Blatchford in Leathers v. Blessing, 105 U. S. 626, 630, 26 L. Ed. 1192, and as stated, also, in New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. 344, 394, 12 L. Ed. 465, Steamboat Co. v. Chase, 16 Wall. 522, 532, 21 L. Ed. 369, and The City of Norwalk (D. C.) 55 Fed. 98, 109.

[3] The death statute of Maine is now invoked in a case of instantaneous death resulting from a clearly maritime tort. In Earles v. Howard, 268 Fed. 95, this court has considered some of the questions raised by these motions. I there had occasion to comment upon The Hamilton, 207 U. S. 398, 406, 28 Sup. Ct. 133, 52 L. Ed. 264, in which case the power of a state statute to supplement the maritime law was clearly recognized, and it was said by Mr. Justice Holmes, speaking for the court, that such state law could cause no lack of uniformity of practice in local courts, for "courts constantly enforce rights arising from and depending upon other laws than those governing the local transactions of the jurisdiction in which they sit."

Having reached this conclusion, it is not necessary to go further. But it is contended that a court in admiralty must take the state statute with its limitations, and, if contributory negligence is found, it must dismiss the libel, as a state court would be compelled to do; that the Judicial Code saved to suitors a common-law remedy and not a remedy at common law.

In Southern Pacific Co. v. Jensen, 244 U. S. 205, 214, 37 Sup. Ct. 524, 528 (61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900), in speaking for the Supreme Court, Mr. Justice McReynolds said:

"Article 3, § 2, of the Constitution, extends the judicial power of the United States 'to all cases of admiralty and maritime jurisdiction,' and article 1, § 8, confers upon the Congress power 'to make all laws which may be necessary and proper for carrying into execution the foregoing powers and all other powers vested by this Constitution in the government of the United States or in any department or officer thereof.' Considering our former opinions, it must now be accepted as settled doctrine that in consequence of these provisions Congress has paramount power to fix and determine the maritime law which shall prevail throughout the country. Butler v. Boston & Savannah Steamship Co., 130 U. S. 527; In re Garnett, 141 U. S. 1, 14. And

further that in the absence of some controlling statute the general maritime law as accepted by the federal courts constitutes part of our national law applicable to matters within the admiralty and maritime jurisdiction. The Lottawanna, 21 Wall. 558; Butler v. Boston & Savannah Steamship Co., 130 U. S. 527, 557; Workman v. New York City, 179 U. S. 552."

In Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 382, 38 Sup. Ct. 501, 503 (62 L. Ed. 1171), in speaking for the court, the same justice said:

"Under the doctrine approved in Southern Pacific Co. v. Jensen, no state has power to abolish the well-recognized maritime rule concerning measure of recovery and substitute therefor the full indemnity rule of the common law. Such a substitution would distinctly and definitely change or add to the settled maritime law, and it would be destructive of the 'uniformity and consistency at which the Constitution aimed on all subjects of a commercial character affecting the intercourse of the states with each other or with foreign states.' * * * In Southern Pacific Company v. Jensen we definitely ruled that it gave no authority to the several states to enact legislation which would work 'material prejudice to the characteristic features of the general maritime law or interfere with the proper harmony and uniformity of that law in its international and interstate relations.' In The Moses Taylor, 4 Wall. 411, 431, we said: 'That clause only saves to suitors "the right of a common-law remedy, where the common law is competent to give it." It is not a remedy in the common-law courts which is saved, but a common-law remedy. * * * The distinction between rights and remedies is fundamental. A right is a well-founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury. Bouvier's Law Dictionary. Plainly, we think, under the saving clause a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law; but we find nothing therein which reveals an intention to give the complaining party an election to determine whether the defendant's liability shall be measured by common law standards rather than those of the maritime law. Under the circumstances here presented, without regard to the court where he might ask relief, petitioner's rights were those recognized by the law of the sea.' "

The case at bar also discloses rights distinctly maritime and "recognized by the law of the sea," without regard to the court where the libelant may seek relief. The libelant must take the state statute with its limitations; but the limitation of contributory negligence is not found in the statute. A state court may well find that it cannot settle a maritime case by the common-law rules of procedure, and must enforce the libelant's rights under the maritime provisions as disclosed in the Jensen Case, which has held that "no state has the power to abolish the well-recognized maritime rule concerning the measure of recovery, and substitute therefor the full indemnity rule of the common law."

In O'Brien v. Luckenbach S. S. Co., 293 Fed. 170, 175, the Circuit Court of Appeals for the Second Circuit had before it a case involving a death statute of New York. The New York statute in question contained this provision:

"On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant." Code Civ. Proc. § 841-b.

The above provision is a "controlling" one, within the meaning of the Jensen Case, and the court held that the New York statute in question forbids a recovery of damages by a plaintiff chargeable with contributory negligence. In The A. W. Thompson (D. C.) 39 Fed. 115, a New York statute was involved, as it was in the O'Brien Case; but in the case at bar the Maine death statute contains no "controlling" provision that contributory negligence of a person killed shall be a defense.

It is clearly my duty to follow the law laid down by the Supreme Court in Southern Pacific Co. v. Jensen, 244 U. S. 215, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, supra. It is not for me to determine the duty of a state court; but I think a state court in case of a maritime tort should also be controlled by the same maritime rule laid down by the Supreme Court of the United States, and that it should not follow the common-law rule of procedure. which it would follow in a case not maritime in its nature, for, as I have said, "courts constantly enforce rights arising from and depending upon other laws than those governing the local transactions of the jurisdiction in which they sit." The Hamilton, 207 U. S. 406, 28 Sup. Ct. 135 (52 L. Ed. 264), supra. Under such procedure, a seaman bringing

suit in a common-law court for personal injuries may recover, even if guilty of contributory negligence, although a shore servant suing in the same court could not. The Hamilton, supra; Southern Pacific Co. v. Jensen, supra; Chelentis v. Luckenbach S. S. Co., supra.

It is clearly my duty, under the maritime law, to affirm the assessors' report in No. 574.

The motions before me are therefore denied. The report of the assessors is affirmed. The damages, $1,500, found by the assessors, are therefore divided. Libelant may recover the sum of $750, with costs.

A decree may be presented consistent with this opinion.