See also D.C., 135 F.Supp. 146.

**GLEN SOUTHERN SHIPPING CORPORATION, The Home Insurance Company, a corporation, Lloyd M. Hilton and Ruth Hilton, his wife, as their interests may appear, Libellants,**

v.

**NORFOLK TOWING CORPORATION, in personam and THE Oil Screw Tug LINDA, her engines, tackle, apparel, furniture, etc., in rem, Respondents,**

No. 7660.

United States District Court
E. D. Virginia, Norfolk Division.

June 19, 1956.

Jett, Sykes & Howell, Norfolk, Va., for libellants.

John W. Oast, Jr., Norfolk, Va., for respondents.

HOFFMAN, District Judge.

On the question of taxing costs accrued since the date of the entry of the interlocutory decree, including specifically the fee allowed to William B. Eley heretofore appointed Commissioner to determine libellants' damages, the Court has considered same and has concluded that Local Admiralty Rule 13 should be applied.

In the instant case, libellants sought to recover damages for the constructive total loss of the barge Hope and the damages to the barge Whiteport, alleged to have been sustained while the two barges were in tow of the tug Linda. By the Court's interlocutory decree, it was found that the Hope was unseaworthy and the Whiteport was seaworthy. The taxable costs were apportioned with one-fourth thereof to be paid by the libellants, The Home Insurance Company and Glen Southern Shipping Corporation, and the other three-fourths to be paid by the respondents, Norfolk Towing Corporation, the tug Linda, and their stipulators. The matter was then referred to a Commissioner.

 It is conceded that respondents made no tender of damages. The Commissioner's report was subsequently modified and affirmed.

Local Admiralty Rule 13 provides:

"At any time after an interlocutory decree fixing liability, the losing party, without prejudice of his right to appeal, may offer prior to the beginning of any hearing to ascertain damages whether before the court or a master, on notice served and filed, to allow libelant's damages to be assessed at a sum of money therein specified, with costs to be taxed to the date of the offer. The party making such an offer shall recover costs from the date of the offer unless the other party shall obtain a final decree wherein the damages awarded (without interest or costs after offer) exceed the amount of the offer."

The clear purpose of this rule is to encourage settlements after liability has been determined, as well as to afford protection to a party responsible for damages who may, in good faith, endeavor to limit the damages and costs. Under the local rule as quoted above, the losing party does not prejudice his right of appeal on the issue of liability. There is no sound reason in this case for not invoking the rule, thus making the respondent liable for all costs accrued subject to the date of the entry of the interlocutory decree, excepting, however, the cost of testimony taken prior to the entry of the aforesaid decree and submitted also on the question of liability. As to such testimony, the cost thereof shall be apportioned in accordance with the terms of the interlocutory decree.

The practice in this District where damages are divided, but only one party has suffered the loss, is apparently similar to the procedure adopted by the Southern District of New York, where the costs are divided before reference but full reference costs are allowed to the party proving damages. Benedict on Admiralty, 6th Ed., Vol. 3, § 439, p. 234. There being no cross-demand filed herein, it was incumbent upon libellants to prove their damages and it would be inequitable to require that they pay substantial costs from damages recovered under such circumstances. To the same effect is the rule in the First Circuit. Invoking this rule does not carry with it any implication that, in cases involving a cross-demand where damages are divided, full recovery of costs accruing subsequent to the entry of the interlocutory decree should be permitted.

Authorities cited by respondents including The America, 2 Otto 432, 92 U.S. 432, 23 L.Ed. 724, The Edward Luckenback, D.C., 94 F. 544; The Warren, C. C., 25 F. 782, and The Gladiator, D.C., 223 F. 381, are not in point as they do not involve a local rule such as exists in the Eastern District of Virginia.