Connie VASSALLO et al., Appellants,

v.

NEDERL–AMERIK STOOMV MAATS HOLLAND et al., Appellees.

No. 3532.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1960.

Rehearing Denied July 15, 1960.

Markwell, Stubbs & Decker, Galveston, Mandell & Wright, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Royston, Rayzor & Cook, Houston, for appellees.

COLLINGS, Justice.

This suit was brought by Mrs. Connie Vassallo, individually and as next friend of Natalie Vassallo and Roland Charles Vassallo, minors, complaining of Nederl-Amerik Stoomv Maats Holland and Holland Amerika Line. Plaintiffs sought to recover under the Wrongful Death Statute of Texas, Articles 4671 et seq., Vernon's Ann.Texas Civ.St., and under General Maritime Law for the death of their husband and father, Roland Vassallo, by reason of injuries sustained by him while working as a longshoreman in the employ of Texports Stevedoring Company, Inc., an independent contractor. It was alleged that the injury occurred on the S.S. Eemdyk, owned and operated by the defendants, which vessel

was docked at the time in Galveston within the territorial waters of the State of Texas. As grounds for recovery, plaintiffs alleged the unseaworthiness of defendant's vessel and numerous acts of negligence by the defendants in failing to maintain equipment on the vessel in good repair and in failing to provide the deceased with a safe place to work, which acts of negligence, plaintiffs alleged, proximately caused the injury and death of the said Roland Vassallo. Plaintiffs also sought to recover for the conscious pain and suffering of the deceased from the time of his injury until the time of his death under the Texas Survival Statute, Article 5525, V.T.C.S. The Holland-Amerika Line, with the permission of the trial court, impleaded the Texports Stevedoring Company, Inc., seeking full indemnity in the event the plaintiffs were awarded any recovery against said Holland-Amerika Line. The case was tried before a jury which found that the vessel was unseaworthy and that the agents and representatives of the defendants were guilty of numerous acts of negligence proximately causing the injuries sustained by the said Roland Vassallo which resulted in his death. The jury also found that the said Roland Vassallo was guilty of certain acts of contributory negligence which were proximate causes, to the extent of 5%, of his injury and accidental death. The jury answered issues indicating the amount of damages to each of the plaintiffs and an amount for conscious physical pain and mental anguish suffered by Roland Vassallo from the time of his injury until his death.

■ Based upon the verdict, the court entered judgment that plaintiffs take nothing from the defendant. The court also decreed that the defendant take nothing by reason of the third party action against the stevedoring contractor because such third party action was moot. Plaintiffs have appealed. No statement of facts has been filed and we must assume that there was ample evidence to support findings in response to all issues submitted, including those on contributory negligence.

■ At common law and under General Maritime Law there is no cause of action for damages for negligence resulting in death. 25 C.J.S. Death § 13, pp. 1072, 1073, 1074. The right to recover damages for death is dependent upon statutory provisions. Article 46, U.S.C.A. § 688, designated as the Jones Act provides for such a recovery, but it is not here applicable because the decedent-longshoreman was an employee of a stevedoring contractor and not of the vessel or a member of the crew. Article 46, U.S.C.A. § 761 et seq., designated as the Death on the High Seas Act, is not applicable because the act from which the death resulted did not occur beyond a marine league from the shore as therein required. The Texas Death Statute provides for recovery of damages for death caused by negligence and it is upon this act and the General Maritime Law that appellees claim a right to recover.

Appellants contend that the court erred in entering a take nothing judgment against them because (1) General Maritime Law permits recovery in spite of contributory negligence and (2) although recovery for death by dependents is not permitted under the General Maritime Law, the Texas Wrongful Death Statute does provide for recovery for death, and plaintiffs contend that such statute and the Texas Survival Statute specifically incorporate the General Maritime Law concepts of unseaworthiness and comparative negligence, and permit recovery for death by a widow and children if the deceased could have recovered for his injuries. Appellants contend that such Texas statutes have given the dependents and heirs of the deceased the same cause of action that the deceased would have had if he had lived and that the defendants are entitled to the same and only those defenses they could have urged against him.

Article 4671, V.T.C.S., entitled "Cause of action", provides, in effect, that when an injury causing death of any person is caused by the wrongful act, neglect, carelessness, unskilfulness or default of another person or corporation or their agents or

servants, that such person, persons or corporation shall be liable in damages therefor.

Article 4672, V.T.C.S., entitled "Character of wrongful act", provides as follows:

"The wrongful act, negligence, carelessness, unskilfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury."

Article 5525, V.T.C.S., entitled "Survival of cause of action" provides:

"All causes of action upon which suit has been or may hereafter be brought for personal injuries, or for injuries resulting in death, whether such injuries be to the health or to the reputation, or to the person of the injured party, shall not abate by reason of the death of the person against whom such cause of action shall have accrued, nor by reason of the death of such injured person, but, in the case of the death of either or both, all such causes of action shall survive to and in favor of the heirs and legal representatives and estates of such injured party and against the person, or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted as if such person or persons against whom same accrued were alive."

 It is well settled that state death statutes are available as a basis of recovery to survivors of a decedent whose death was caused as a result of a maritime tort. However, the right of survivors seeking to recover under a death statute is governed by the law of the state, and they must accept the statute with the conditions and limitations attached thereto. Byrd v. Napoleon Avenue Ferry Company, D.C.1954, 125 F.Supp. 573; affirmed per curiam, 5 Cir., 1955, 227 F.2d 958, certiorari denied, 1956, 351 U.S. 925, 76 S.Ct. 783, 100 L.Ed.

1455; Hess v. United States, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305; The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524; United New York and New Jersey Sandy Hook Pilots Ass'n v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541.

 We cannot agree with appellants' theory and contention that the Texas statutes, Articles 4671 and 4672, supra, specifically incorporate the General Maritime Law concepts of unseaworthiness and contributory negligence. The original Texas Wrongful Death Statute was enacted in 1860. It has since from time to time been amended and reenacted. Every version of the statute has contained the language descriptive of the wrongful act or negligence made a basis of the right to recover for death which appellants refer to as "key words", which language is as follows:

"* * * of such a character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury."

It is an accepted rule of statutory construction that a statute will be construed in accordance with its meaning at the time of enactment. The doctrine of comparative negligence has never been a part of the common law. Longshoremen, such as the deceased in this case, were not entitled to the benefits of the maritime doctrines of unseaworthiness and comparative negligence in injury cases until the 1946 decision of the Supreme Court of the United States in Seas Shipping Company v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. This was 86 years after the first enactment of the Texas Wrongful Death Act and 21 years after its last revision in 1925.

Obviously the Texas Death Statute at the time of its original enactment or of any amendment or re-enactment did not embrace the doctrine of comparative negligence. Five different bills have, from time to time, been introduced in the Texas Legislature, seeking to establish the doctrine of

comparative negligence in personal injury suits and in suits involving injuries resulting in death. No such legislation has ever been enacted. We have been cited to no cases holding that the Texas Death Statute by its terms incorporates the General Maritime Law concepts of unseaworthiness and comparative negligence. Cases involving maritime torts, where recovery has been sought under the Texas Death Statute, hold that contributory negligence on the part of the decedent is an absolute bar to recovery under the statute. Truelson v. Whitney & Bodden Shipping Co., 5 Cir., 1926, 10 F.2d 412; certiorari denied 1926, 271 U.S. 661, 46 S.Ct. 474, 70 L.Ed. 1138; Graff v. Parker Bros. & Company, 5 Cir., 1953, 204 F.2d 705; In re Nueces County, Texas, Road District No. 4 (The Nellie B.), D.C.S.D.Tex.1959, 174 F.Supp. 846.

The weight of authority from other jurisdictions is likewise to the effect that contributory negligence is a bar to recovery under state wrongful death statutes similar to the Texas statute, where recovery is sought for wrongful death resulting from maritime torts. Graham v. A. Lusi, Ltd., 5 Cir., 206 F.2d 223; Niepert v. Cleveland Electric Illuminating Company, 6 Cir., 241 F.2d 916; Spinelli v. Seat Trade Corp., 2d Dept.1950, 277 App.Div. 992, 99 N.Y.S.2d 945, 1950 A.M.C. 1822; Curtis v. A. Garcia y Cia, 3 Cir., 241 F.2d 30; Klingseisen v. Costanzo Transportation Co., 3 Cir., 101 F.2d 902; Hill v. Waterman Steamship Company, 3 Cir., 251 F.2d 655.

■ Appellants' third point or proposition is well taken. Roland Vassallo was entitled to recover under General Maritime Law for his physical pain and suffering proximately caused by appellee's wrongful acts and negligence. Under General Maritime Law, which was the basis of his cause of action, the contributory negligence of Vassallo was not an absolute bar to recovery. The effect of Article 5525, supra, is to preserve the cause of action and the rights to which Vassallo was entitled, including those existing under General Maritime Law. Such rights were preserved to and in

favor of his heirs and the legal representative of his estate. Humble Oil & Refining Co. v. Ooley, Tex.Civ.App., 46 S.W.2d 1038 (Error Dismissed); Jenney v. Jackson, Tex.Civ.App., 46 S.W.2d 418; Marcus v. Huguley, Tex.Civ.App., 37 S.W.2d 1100; Texas Company v. Brown, Tex.Civ.App., 82 S.W.2d 1101 (Writ Dis.); Fleming Oil Co. v. Watts, Tex.Civ.App., 193 S.W.2d 979; Davis Transport, Inc. v. Bolstad, Tex. Civ.App., 295 S.W.2d 941. (Writ Dis.).

Although these cases do not involve causes of action arising under General Maritime Law they are, in our opinion, controlling because they plainly indicate that no new cause of action is created by the survival statute but that it simply preserves for the heirs and legal representatives of the deceased the same cause of action and rights which he possessed at the time of his death. The case of Curtis v. A. Garcia y Cia, supra [241 F.2d 36], was a case arising under General Maritime Law. In that case the court, after holding that a plaintiff's claim based on the Pennsylvania Wrongful Death Statute was governed by the law of that State and therefore barred by the decedent's negligence, proceeded to consider the exact question here involved and aptly stated as follows:

"The plaintiff's claim under the survival statute rests on a different foundation. * * * The effect of the state statute is merely to preserve Thomas' right of action and to continue it, unabated, in his administratrix. No new right is created. An existing right is preserved and a remedy afforded for its enforcement. Since the right preserved here is one rooted in maritime law, the district court properly applied the maritime rule of comparative negligence under which the decedent's contributory negligence was no bar to plaintiff's claim under the survival statute."

The trial court correctly held that appellants were not entitled to recover damages under the Texas Wrongful Death Statute

for the death of Roland Vassallo because of his contributory negligence, and the portion of the judgment so holding is affirmed. Appellants were entitled to recover under the Texas Survival Statute for the conscious pain and suffering of the deceased from the time of his injury until the time of his death, damages to be determined in accordance with the maritime rule of comparative negligence, and the trial court erred in denying appellants such recovery. The judgment is affirmed in part and in part reversed with directions to render judgment accordingly.