CONNIE VASSALLO ET AL V. NEDERL-AMERIK STOOMV MAATS HOLLAND ET AL

No. A-8006. Decided March 1, 1961
Rehearing overruled April 5, 1961
(344 S. W. 2d Series 421)

*Mandell & Wright,* of Houston, and *Markwell, Stubbs, Decker & Dahelite,* of Galveston, for petitioner.

*Fulbright, Crooker, Freeman, Bates & Jaworski, S. G. Kolius* and *Owen W. Cecil,* of Houston; for Nederl-Amerik Stoomv Maats Holland; *Royston, Razor & Cook* and *E. D. Vickery,* also of Houston, for Texports Stevedore Co., respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit was brought by Connie Vassallo seeking damages under the maritime law for herself and in behalf of her two minor children. The plaintiff's petition charged that the injuries resulting in death to her husband, Roland Vasallo, were proximately caused and contributed to be caused by the negligence of the defendants, or the unseaworthiness of the S S Eemdyk; that the injuries were sustained by the husband and

father, Roland Vassallo, while he was working as a longshoreman on said vessel owned by the respondent, Nederl-Amerik Stoomv Maats Holland, hereinafter referred to as Holland. Mrs. Vassallo will hereinafter be referred to as the plaintiff. Mr. Vassallo was doing work as a seaman at the time he was fatally injured on Holland's vessel, and was entitled to the protection of maritime law. It is undisputed that if the decreased had survived, he would have had a cause of action under maritime law, and his contributory negligence, as found by the jury, would not have been a bar to a recovery. The deceased was injured on the 26th day of May 1957. The accident occurred while Vassallo was unloading sacks of flour from the S S Eemdyk, a ship moored to a dock in Galveston, Texas. Vassallo's hand was caught in a beam bridle while he was attempting to unhook the beam bridle from a heavy steel beam. Unable to free his hand, Vassallo was dragged upwards while on the beam and thereafterward he was pinned between two beams thereby sustaining painful injuries. He died in a hospital some 20 to 25 minutes later. At the time of his death, Vassallo was employed by an independent stevedoring contractor, Texports Stevedoring Company, Inc. Holland, with leave of the court, impleaded the contractor seeking full indemnity in the event the plaintiff was awarded any recovery as against it.

The suit was tried to the court with the intervention of a jury. The jury, in response to the submitted special issues, found that the winch used in loading operations was unseaworthy, proximately causing Vassallo's death; that the vessel's crew was negligent in several respects, and that each was a proximate cause of Vassallo's injuries which resulted in death. The jury further found that Vassallo was guilty of three separate acts of negligence, and found in answer to Special Issue No. 29, that his negligence contributed to his injuries to the extent of 5 percent.

In response to Special Issue No. 73, the jury found and apportioned damages to the plaintiff and children, and awarded damages in the sum of $15,000.00 for the pain and suffering Mr. Vassallo endured from the time of his injuries to the time of his death, as found by the jury.

The trial court, because of the jury's finding of 5 percent contributory negligence, entered a take-nothing judgment against the plaintiff. This action of the trial court rendered moot the issues relating to indemnity in the Third-Party action by

Holland against t h e stevedore contractor. However, it was stipulated between the parties that the failure to file cross assignments of error in the event of appeal by plaintiff would not act as a waiver of the rights of either Holland or the stevedore contractor should the judgment of the trial court be reversed, and that both parties in case of reversal would be left in the same position after such reversal as they have been had the judgment of the trial court been in favor of the plaintiff.

After appeal, on equalization of the dockets of the respective courts of civil appeals, the cause was transferred from the Court of Civil Appeals for the First Supreme Judicial District at Houston, Texas, to the Court of Civil Appeals for the Eleventh Supreme Judicial District at Eastland, Texas. That court affirmed the trial court in its holding that unseaworthiness was not a ground of liability, and that the contributory negligence of the deceased employee barred any recovery by his statutory beneficiaries under the Texas Wrongful Death Statute, Articles 4671, et seq., Vernon's Annotated Civil Statutes. However, the trial court's judgment was reversed in part. The Court of Civil Appeals held, contrary to the trial court, that the Texas Survival Statute, Article 5525, Vernon's Annotated Civil Statutes, preserved to the statutory beneficiaries of the decedent all of the rights that he had prior to his death, including the General Maritime Law Doctrines of unseaworthiness and comparative negligence. Therefore, a reversal on this issue was ordered, and the trial court was instructed to render judgment accordingly. 337 S.W. 2d 309.

The first question for decision is: Where the beneficiaries, as here, are forced to bring suit under the Wrongful Death Statute, Article 4671, et seq., supra, and the Texas Survival Statute, Article 5525, supra, are they completely barred from recovery because of Vassallo's contributory negligence?

The plaintiff contends that Vassallo would have been entitled to recover had he lived; the contention being that the maritime law doctrine of comparative negligence applies even though the suit has been brought under the Wrongful Death Act of Texas, a state which has rejected the doctrine of comparative negligence. The plaintiff argues that since contributory negligence would not have defeated a suit for damages by Vassallo, the injured longshoreman, it naturally cannot preclude a recovery by his beneficiaries; the theory being that if the cause of action of Vassallo had he lived would have been based on maritime law,

then the plaintiff under the Wrongful Death Act could assert any basis for recovery available to Vassallo under the maritime law. The plaintiff contends that support for this position is to be found in the language of Article 4672, supra, especially that part of the statute which reads:

> "The wrongful act, negligence, carelessness, unskillfulness or *default* mentioned in the preceding Article [4671] *must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury.* \* \* \*" (Emphasis added.)

Holland contends there is a fundamental distinction between a cause of action for nonfatal personal injuries that is a part of the common law, and a cause of action for death that is wholly statutory. It is Holland's theory that the survivors of a decedent who meets his death as a result of a maritime tort may utilize the applicable state statute in seeking recovery, but the statutory beneficiaries of such individual must accept the state statutes with the conditions and limitations attached thereto by the enacting state. In other words, Holland contends that since maritime law itself provides for no recovery in case of death and the plaintiff must rely on the Texas Wrongful Death Act, the state law concerning contributory negligence should be applied, and that comparative negligence allowed under the rules of maritime law is not applicable.

■ The answer to the question presented hinges on our construction of the Texas Statutes involved. We find no Texas case directly in point, and we find that the decisions in other jurisdictions are in conflict. The great majority of these cases have arisen in federal courts. Based upon an analysis of these conflicting cases, and our construction of the pertinent statutes, we have concluded that the doctrine of comparative negligence should be available to the plaintiff in the present case. It is our opinion that under the express provisions of the Wrongful Death Act, the plaintiff is permitted to assert any basis for recovery that the decedent could have asserted if he were alive, and no other; and that the defendant can assert any defense to that cause of action that it could have asserted if the decedent had survived, and no other. The statutory beneficiaries of a deceased longshoreman have the same substantive rights to recover as the deceased would have had had his injury been less than death. It follows that his contributory negligence must be considered only in mitigation of damages. Cases in other jurisdictions, sup-

porting our holding here that the maritime law of comparative negligence applies, include: Holley v. The Manfred Stansfield, 269 F. 2d 317 (Virginia law); Wright v. Cion Corp., D.C., 171 F. Supp. 735 (N.J. law); State to Use of Gladden v. Weyerhaeuser Steamship Co., D.C. 176 F. Supp. 664, 1959 A.M.C. 1380 (Maryland law); The Devona, D.C., 1 F. 2d 482.

The case of Holley v. The Manfred Stansfield, supra, is directly in point and adequately supports our holding here. In that case, the court (4th Circuit) was called upon to interpret the Virginia Statute which contains the identical provision as that found in our Texas Wrongful Death Statute. The court held:

> "While it cannot be disputed that the Virginia Courts have declared contributory negligence a bar in suits brought under the state's wrongful death statute, all such cases arose in situations where the Virginia common law would have applied had death not resulted. We have been unable to find any case in which the Supreme Court of Appeals of Virginia, or even a lower court of that state, has held contributory negligence a complete bar to recovery in a wrongful death action where, as here, the maritime doctrine of comparative negligence would have controlled if death had not ensued. * * * We find ourselves unable to reconcile the result contended for by the appellees with the language of the statute. Basically, it provides that if death is caused by an act which would have entitled the injured party to maintain an action, then the person who would have been liable for the injury will continue to be liable notwithstanding the death of the person injured. Undeniably, had Holley survived, the admiralty rule would have governed under which contributory negligence merely reduces the damages * * * If presented with this problem we think that the Supreme Court of Appeals of Virginia would hold that this statute was intended not only to take away from the wrongdoer the common law immunity resulting from the death of an injured party, but to grant recovery in all instances where a decedent would have recovered. The statute appears not to concern itself with which law, local or maritime, would have supported the recovery, but only whether there would have been a recovery."

We find cases on the other hand which hold that the state law on contributory negligence applies. See Graham v. Lusi, 206 F. 2d 223 (Florida law); Byrd v. Napoleon Ave. Ferry, 125

F. Supp. 573 (Louisiana law) ; Niepert v. Cleveland Electric Co., 241 F. 2d 916 (Ohio law) ; Curtis v. Garcia 241 F. 2d 30 (Pennsylvania law) ; Feige v. Hurley, 89 F. 2d 575 (Kentucky law).

We note one case in particular by the 5th Circuit. That case, Truelson v. Whitney & Bodden Shipping Co., 10 F. 2d 412, holds that under the Texas Wrongful Death Act, contributory negligence is a complete bar to a recovery. However, we note that the court in reaching this decision relied on the Louisiana case of Quinette v. Bisso, 136 F. 825; and the New York case of O'Brien v. Luckenbach S. S. Co., 29 F. 170. It is clear that in the Truelson case, the court based its decision on cases wherein the statutes involved were entirely different than the Texas Wrongful Death Statute. The New York statute involved in the O'Brien case specifically provides for the defense of contributory negligence, whereas, the Texas statute does not. The wording of the Louisiana statute is no different from that of the Texas statute as to render the decision in the Quinette case of no precedential value in solving the question presented here.

■ Holland cites the case of Emerson v. Holloway Concrete Products Company, Inc., 282 F. 2d 271 (5th Circuit), wr. of cert. ref., 364 U.S. 941, 81 Sup. Ct. 459, 5 L. Ed 372. This case originated in Florida. It is true that the court in that case held the Florida law was the controlling law and not the maritime law. However, we decline to follow that case. Emerson, unlike Vassallo, was a licensee, not an invitee, and it is clear that a vessel owner does not owe the duty of seaworthiness to a mere licensee. See Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 Sup. Ct. 406, 3 L. Ed. 550. Vassallo, a longshoreman at the time he received his injuries that resulted in his death, was entitled to the seaman's traditional and statutory protection. It was immaterial that his employer was the stevedore contractor and not Holland. See Seas Shipping Company v. Sieracki, 328 U.S. 85, 66 Sup. Ct. 872, 879, 90 L. Ed 1099. The law is well established that a longshoreman is entitled to a seaman's protection under the maritime law. This protection includes the right to recover, even though contributorily negligent. Moreover, our decision here is based on our interpretation of the Texas Wrongful Death Act, and we decline to follow the 5th Circuit's interpretation and application of Florida law as announced in the Emerson case, supra.

Holland seems to derive some comfort out of such cases as Skovgaard v. The Vessel M/V Tungus, 3 Cir. 1959, 252 F. 2d 14,

358 U.S. 588, 79 S. Ct. 503 3 L. Ed. 524; United N. Y. and N. J. S. H. Pilots Ass'n. v. Halecki, 1959, 358 U. S. 613, 79 S. Ct. 517, 3 L. Ed. 2d 541; Hess v. United States, 1960, 361 U.S. 314, 4 L. Ed. 2d 305, 80 Sup. Ct. 341; Goett v. Union Carbide Corp., 1960, 361 U.S. 340, 4 L. Ed. 2d 341, 80 Sup. Ct. 357. Aside from the fact that the Supreme Court of Texas is the final arbiter of appropriate construction to be given a Texas statute, we note that the 4th Circuit in its disposition of the Goett case on remand indicated its opinion on the question of whether the West Virginia Wrongful Death Act, as to maritime tort, employs the West Virginia or the general maritime law concept of negligence, to be that the West Virginia Act incorporates the standard of the general maritime law in death actions involving maritime torts. The court even went so far as to predict that in a maritime death case West Virginia [the courts] would "choose to incorporate the general maritime law's concepts of unseaworthiness or negligence." (361 U.S. 340, 80 S. Ct. 357.)

On the question as to whether contributory negligence is a bar to recovery under the Texas Survival Statute, Article 5525, supra, Holland argues that the Survival Statute only provides for the survival of causes of action arising under Texas State Law. Holland also argues that a statute should be interpreted as of the time of its enactment, and, applying that principle, the Survival Statute does not permit the application of the comparative negligence rule of maritime law in this case. It argues that maritime law was not available to a longshoreman until 1946, when the case of Seas Shipping Co. v. Sieracki, supra, was decided. We cannot agree with this contention. The comparative negligence rule of maritime law was applied in suits by longshoremen as early as 1885. See Max Morris, 28 F. 881, aff'd, 137 U.S. 1, 11 Sup. Ct. 29, 34 L. Ed. 586. The Survival Statute was not adopted by the Texas Legislature until 1925, nevertheless, meeting the test laid down in Max Morris.

■ In our opinion, the doctrine of comparative negligence was available to the plaintiff here on her cause of action grounded in maritime law. We do not, however, interpret the statute to provide for the survival of only those causes of action which existed in 1925. The purpose of the statute undoubtedly is that any cause of action, whenever arising and regardless of what law it arises under, shall not be abated by death. It was never meant to freeze the statute as of 1925, thereby rendering it necessary for the legislature to constantly adopt amendments to cover new rights as they are recognized by statute or court decisions.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court denying recovery under the Texas Wrongful Death Statute is reversed and the cause is remanded to the trial court with instructions to enter judgment in favor of plaintiff in accordance with this opinion. That part of the judgment of the Court of Civil Appeals allowing recovery under the Texas Survival Statute is affirmed.

MR. JUSTICE GRIFFIN, joined by JUSTICE CULVER, dissenting.

I respectfully dissent. I would affirm the judgment of the Court of Civil Appeals as reported in 337 S.W. 2d 309.