**James HAMILTON, Plaintiff,**

v.

**V.E. ROGERS, in his official capacity as Fire Chief of the City of Houston, and individually, et al., Defendants.**

**Civ. A. No. H–82–0182.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 19, 1983.

Patrick J. Gilpin, Houston, Tex., for plaintiff.

Paula J. Alexander, John E. Fisher, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

Plaintiff James Hamilton brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. §§ 1981, 1983, 1985, and 1988 against the defendants, alleging racial discrimination in violation of his civil rights.

In January 1979, plaintiff was employed as a Technician II in the Houston Fire Department. Plaintiff contended that while employed by defendants he was subjected to, *inter alia*, racial slurs from his co-workers and unequal treatment vis-a-vis

his co-workers. As a result of this racial discrimination, plaintiff asserted that he has suffered mental and emotional distress, which in turn has caused him high blood pressure and other health problems. Plaintiff claimed that defendants' discriminatory actions were done intentionally, in conspiracy to deny plaintiff equal rights, and also were in retaliation because plaintiff had filed a charge with the EEOC. Plaintiff requested injunctive and monetary relief as well as punitive damages. While this action was pending, plaintiff died.

Defendants deny any wrongdoing. Defendants claim, *inter alia*, that they neither engaged in a conspiracy to nor deprived plaintiff of his civil rights. They contend they did no acts to discriminate or retaliate against plaintiff and did not deprive plaintiff of any rights incidental to employment.

Presently before this court is plaintiff's motion for substitution, requesting this court to substitute as plaintiff Carrie M. Hamilton, the duly appointed Administratrix of James W. Hamilton's estate. Defendants oppose the motion on the ground that the claims asserted in this civil rights suit do not survive death.

### I.

A comprehensive federal statute covering survival of actions arising under federal law does not exist. A survivorship provision is included in 42 U.S.C. § 1986, but applies only to claims rising under § 1985. To the extent plaintiff alleges a § 1985 claim, that claim will survive death. As to plaintiff's claims under §§ 1981, 1983, 1988 and 2000e, § 1988 governs. This statute recognizes that in certain areas, the federal civil rights laws are "deficient in the provisions necessary to furnish suitable remedies," and in such instances federal courts are directed to adopt state law insofar as it is not inconsistent with federal law. 42 U.S.C. § 1988 (1976); *Robertson v. Wegmann*, 436 U.S. 584, 589–91, 98 S.Ct. 1991, 1994–95, 56 L.Ed.2d 554 (1978); *Brazier v. Cherry*, 293 F.2d 401, 405–06 (5th Cir.), *cert. denied*, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961); *Pritchard v. Smith*, 289 F.2d 153, 157–58 (8th Cir.1961).

In *Wegmann*, the Supreme Court required the adoption of the state survival statute, and found that the Louisiana statute, under which claims would abate if the party was not survived by particular family members, was not inconsistent with federal law or the policies underlying § 1983. 436 U.S. at 591–94, 98 S.Ct. at 1995–97. The Court's opinion was expressly limited to situations "in which no claim is made that state law generally is inhospitable to survival of § 1983 actions and in which the particular application of state survivorship law, while it may cause abatement of the action, has no independent adverse effect on the policies underlying § 1983." *Id.* at 594, 98 S.Ct. at 1997. The Court refused to offer a view on abatement in instances in which the deprivation of civil rights caused death. *Id.*

### II.

The instant action arose in the State of Texas. Accordingly, this court must examine Texas law to determine whether these civil rights claims survive plaintiff's death. *Wegmann*, 436 U.S. at 591–94, 98 S.Ct. at 1995–97.

Texas has a general survival statute which provides that:

> All causes of action upon which suit has been or may hereafter be brought for personal injuries, or for injuries resulting in death, whether such injuries be to the health or to the reputation, or to the person of the injured party, shall not abate by reason of the death of the person against whom such cause of action shall have accrued, nor by reason of the death of such injured person, but, in the case of the death of either or both, all such causes of action shall survive to and in favor of the heirs and legal representatives and estate of such injured party and against the person, or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted if such person or persons against whom same accrued were alive.

Tex.Rev.Civ.Stat.Ann. art. 5525 (Vernon 1958). Texas does not have a survival stat-

ute tailored to cover the civil rights guaranteed under Texas law, and no reported case has examined the survival of civil rights under Texas law.

When construing the breadth of the Texas survival statute in *Vassallo v. Nederl-Amerik Stoomv Maars Holland*, 162 Tex. 52, 344 S.W.2d 421, 426 (1961), the Texas Supreme Court held that

> [W]e do not ... interpret the statute to provide for the survival of only those causes of action which existed in 1925. The purpose of the statute undoubtedly is that any cause of action, whenever arising and regardless of what law it arises under, shall not be abated by death. It was never meant to freeze the statute as of 1925, thereby rendering it necessary for the legislature to constantly adopt amendments to cover new rights as they are recognized by statute or court decision.

In *Vassallo*, the court found that the maritime law of comparative negligence survived death under both the wrongful death statute, Tex.Rev.Civ.Stat.Ann. art. 4671 (Vernon 1952), and the survival statute, *id.* art. 5525, thus permitting a longshoreman the benefit of maritime law instead or barring the claim under the state's contributory negligence rule. 162 Tex. at 56–59, 344 S.W.2d at 424–26. In view of the Texas Supreme Court's interpretation of art. 5525 in *Vassallo*, this court finds that plaintiff's claims under § 1981, § 1983, § 1988 and 2000e survive death.[1]

Plaintiff has requested both injunctive and monetary relief. Because the injunctive relief requested cannot be fashioned in a manner to benefit plaintiff's successors,[2] this court denies the request and limits plaintiff to the available remedies at law. *See Roberson v. Wood*, 500 F.Supp. 854, 858 (S.D.Ill.1980) (finding that plaintiff's successors had no interest in obtaining injunctive relief against defendants).

Accordingly, it is ORDERED, ADJUDGED, and DECREED that plaintiff's motion for substitution of plaintiff is GRANTED only as to damages.

---

1. Because of the court's finding, there is no need to discuss plaintiff's allegation that defendant's actions caused plaintiff's death, which might have required application of a different rule of decision under *Wegmann* if the claims did not survive under Texas law.

2. Plaintiff requested a preliminary and permanent injunction to enjoin the defendants from continuing to abridge plaintiff's rights.