## KELLEY et ux. v. CITY OF AUSTIN.

No. 10227.

Court of Civil Appeals of Texas.

Austin.

May 19, 1954.

Fred Niemann, Charles M. Babb, Austin, for appellants.

Hart, Brown, Sparks & Erwin, W. T. Williams, City Atty., Doren R. Eskew, Asst. City Atty., Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal· from an order of the 98th District 'Court sustaining a motion by the City of Austin for a summary judgment.

Appellants sued the City of Austin to recover damages for the wrongful death of their son, who was killed by electrocution while working as an employee of the City on September 18, 1952.

The City, appellee, filed a motion for summary judgment with an affidavit attached

and the plaintiffs, appellants, filed an answer thereto with affidavit attached.

The court, after hearing the pleadings, the evidence and argument of counsel on October 10, 1953 granted appellants leave to file an amended answer and additional affidavits. The appellants filed an amended answer with affidavit attached on October 22, 1953, and by the pleadings and affidavits, the following facts were presented:

(1) That the appellants did not give notice of claim to the City Manager or City Council within 30 days from September 18, 1952, and did not give any notice of their intention to claim that the City was liable until February 3, 1953.

(2) That on September 18, 1952, appellants' son died and a man, whose name was A. S. Higgins, came to plaintiffs' home and told them that he was from the City and that plaintiffs would get $7,000 but that was all.

The plaintiffs filed a written notice of their claim on February 3, 1953, which was denied by the City on May 19, 1953.

Appellants say that the ultimate issue in the case is the validity of the notice of claim provision of the City Charter insofar as it is applicable to a cause of action for wrongful death.

Article XV, Section 26, of the City Charter, provides:

"Before the City of Austin shall be liable for damages for the death or personal injuries of any person, the person injured, if living, or his representatives, if dead, shall give the City Council or City Manager notice in writing of such death or injury, duly verified, within thirty days after same has been sustained, stating in such written notice when, where and how the death or injury occurred, and the apparent extent of any such injury, the amount of damages sustained, the actual residence of the claimant by street and number at the date the claim is presented, the actual residence of such claimant for six months immediately preceding the occurrence of such death or injury, and the name and addresses of all the witnesses upon whom it is relied to establish the claim for damages; and the failure so to notify the City Council or City Manager within the time and manner specified herein shall exonerate, excuse and exempt the City from any liability whatsoever; provided, however, that nothing in this Section shall be construed to affect or repeal the section in this Charter relating to the liability of the City for damages on account of injuries received on the sidewalks, streets, alleys, and public places of the City."

The contention is made that the notice of claim provision insofar as it applies to actions brought under the Texas Death Act is inconsistent with the general laws, because plaintiffs' cause of action exists only by virtue of the Texas Death Statute which constitutes the law respecting such actions, and must be given effect solely in accordance therewith, and the Charter provision is in conflict with the Home Rule Enabling Act, Vernon's Ann.Civ.St. art. 1165 et seq.

Further contention is made that the provision insofar as it applies to death actions is repugnant to Article 1, Sec. 13, of the Texas Constitution, Vernon's Ann.Civ.St. and the Fourteenth Amendment of the Federal Constitution, because it would be impossible for plaintiffs to, in good faith, comply with the Charter provision, and that it is unreasonable to require a claimant in death cases to meet the requirements thereof, and no reason for such notice in death cases where the deceased was an employee; and finally that the City is estopped to assert the notice of claim provision in this case.

The City of Austin is a Home Rule City. The provisions of Article XV, Sec. 26, have been hereinabove set out.

There is no disagreement between the parties as to the source of the powers of the City coming as it does from the Constitution and limited only thereby.

The appellants say that they are making no assault on the notice of claim Charter

provisions in personal injury suits so long as they are reasonable.

Appellants then proceed on the proposition that this case is not a personal injury case but is a death action and that such Charter provisions do not apply in death actions.

The appellee asserts that the Charter provision is not inconsistent with any general law, and is valid; that the Charter provision is not repugnant to either the Fourteenth Amendment to the Federal Constitution or Article 1, Section 13 of the Texas Constitution but is a valid enactment by a Home Rule City. Dallas County Water Control and Improvement District v. City of Dallas, 149 Tex. 362, 233 S.W.2d 291; Ex parte Heine, Tex.Cr.App., 254 S.W.2d 790.

The Charter provisions create valid conditions precedent to liability in personal injury actions. It does not affect the question of liability, but only a prerequisite to bringing suit. City of Brownsville v. Galvan, Tex.Com.App. Sec. A., 139 Tex. 128, 162 S.W.2d 98; Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701.

■ We do not believe that Articles 4671 and 4672, Vernon's Ann.Civ.St. abolish any of the various steps prerequisite to the establishment of ultimate liability in any death suit, but were enacted to do away with the common-law rule and not to bestow rights superior to those which could have been asserted by the decedent; and, is' subject to all conditions to which the decedent's action would have been subject. Dallas Railway & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735, and many cases therein cited; Childs v. Childs, Tex.Civ.App., 107 S.W.2d 703.

■ The Charter provision is not inconsistent with the statute and the city, by virtue of the death statute, is not made a guarantor, but in any event must be proven to be liable; and is not deprived of its common-law defenses, as well as all procedural requirements for perfecting claims in suits for injuries resulting in death. Connally v. City of Waco, Tex.Civ.App., 53 S.W.2d 313, error ref.

Appellants concede that the Charter provision creates a valid condition precedent to the assertion of a cause of action for injuries, and further admits that such condition was not complied with. Within the time set out in the provision, the injured party could not have maintained an action and likewise the appellants cannot do so. Article 4671 relates to the abolition of the common-law rule that a cause of action for injury died with the party and the substitution of parties. Tom Green County v. Motley, Tex.Com.App., 132 Tex. 54, 118 S.W.2d 306.

We do not believe that the Charter provision is inconsistent with subdivision 6, Article 1175, V.A.C.S., the section for the powers of local self-government cities and among such is to exempt from liability an account of claim for damages to person or property, or to fix rules and regulations governing such liability. Dallas County Water Control and Improvement District v. City of Dallas, supra; Reegan v. City of Galveston, Tex.Civ.App., 24 S.W.2d 61, error dism.

Appellants cite City of Corpus Christi v. Caddell, Tex.Civ.App., 98 S.W.2d 372, 374, error dism., in support of their claim that the Charter provision does not cover death cases. The court, in the Caddell case held that the provision in the City's Charter could not be extended by construction to include death cases. The Charter provision was that "'Before the City of Corpus Christi shall be liable for damages for personal injuries of any kind * * *.'" The provision in the Austin Charter includes death or personal injuries.

We do not believe that the Charter provision is repugnant to either the State or Federal Constitution.

■ This question is raised by appellants but not briefed or authority cited, and such complaint is waived. Rule 418(c) (ii), Texas Rules of Civil Procedure.

Appellants did not plead that it was impossible, in good faith, to comply with the notice of claim provision. There is no pleading that the parties were in anywise

incapable of giving the required notice and does not come within the doctrine of the case of City of Waxahachie v. Harvey, Tex.Civ.App., 255 S.W.2d 549, error ref. n. r. e.

It was not impossible for the appellants to have filed the notice as it is only required that an affiant verify such knowledge as he has, and such notice requirement could have been met and it was not unreasonable to require them to have done so. They were residents of Austin and knew of the tragedy at once.

■ The fact that the deceased was an employee of the City does not render inapplicable the notice requirement and the further fact that the City officials had actual knowledge of the facts necessary to be stated in the notice is not sufficient to comply with the provision. Cawthorn v. City of Houston, supra; Phillips v. City of Abilene, Tex.Civ.App., 195 S.W.2d 147, error ref.

■ We do not believe that the notice of claim requirement in death cases is unreasonable.

There are no Texas cases cited, or found by us, passing upon the validity of a notice requirement as a condition precedent to asserting a cause of action in a death case, but the decisions in other States sustaining the validity of such notice in death cases indicate that there is nothing unreasonable about making such requirement. City of Birmingham v. Young, 246 Ala. 650, 22 So. 2d 169; Lee v. City of Fort Morgan, 77 Colo. 135, 235 P. 348; MacDonald v. City of Beacon, 183 Misc. 1068, 50 N.Y.S.2d 295.

■ No pleadings were made of any authority in Higgins, nor any duty incumbent on him as an employee which would sustain a finding that the City is estopped from asserting the Charter provision and no pleading was made which would sustain a finding that Higgins was an officer authorized to make administrative findings of fact or that he made or attempted to make any findings of fact, or to advise appellants concerning their legal remedies. 31 C.J.S.,

Estoppel, § 142, pp. 418, 419; City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308; Hallman v. City of Pampa, Tex.Civ. App., 147 S.W.2d 543, error ref.; Davis v. City of Abilene, Tex.Civ.App., 250 S.W.2d 685; City of Austin v. Forbis, 99 Tex. 234, 89 S.W. 405.

Appellants cite City of Lubbock v. Green, 5 Cir., 1953, 201 F.2d 146 as holding that reliance upon the express instruction of a City Attorney may estop a city from urging failure to give notice of claim as a defense in a personal injury case. This case does not discuss the Hallman case, the Phillips case, or the Davis case, and is in conflict therewith and also in conflict with Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The judgment of the trial court is affirmed.

Affirmed.