**Gloria Reyes GHAZALI, Appellant,**

v.

**SOUTHLAND CORPORATION, Appellee.**

No. 04–82–00378–CV.

Court of Appeals of Texas, San Antonio.

Feb. 29, 1984.

Warren Weir, San Antonio, for appellant.

Robert Summers, Joe Frazier Brown, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment in favor of the defendant, Southland Corporation. Plaintiff, Gloria Reyes Ghazali, surviving spouse of Masoud Ghazali, sued Southland, alleging its gross negligence was the proximate cause of her husband's death. While working in the early morning hours of August 22, 1978, at a convenience store owned by Southland, her husband was shot and killed by robbers. We reverse and remand.

Plaintiff sued for actual damages, alleging certain negligent acts and omissions of Southland, and for exemplary damages. Both parties acknowledge in their briefs and arguments that the plaintiff received workers' compensation benefits. TEX.REV.CIV.STAT.ANN. art. 8306 et seq. (Vernon 1967 & Vernon Supp.1984). It is settled the Workers' Compensation Act exempts employers from common law liability based on negligence or gross negligence, except in death cases for exemplary damages as provided in the Act. *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665, 666 (Tex.1981); *Paradissis v.*

*Royal Indemnity Co.*, 507 S.W.2d 526, 529 (Tex.1974); art. 8306, § 5.[1]

■ Plaintiff argues the summary judgment was improper because material issues of fact remain to be tried. Southland counters, claiming the amended original petition failed to state a cause of action; thus, the summary judgment was proper. The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses. *Happy Cattle Feeders, Inc. v. First National Bank in Canyon*, 618 S.W.2d 424, 425 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.); TEX.R.CIV.P. 166-A.

The movant, Southland, presented no affidavits or other extrinsic evidence in support of its motion for summary judgment. It relied solely on the insufficiency of plaintiff's pleadings as a matter of law, contending plaintiff failed to state a cause of action. *Garza v. Perez*, 443 S.W.2d 855, 856–57 (Tex.Civ.App.—Corpus Christi 1969, no writ); R. McDONALD, TEXAS CIVIL PRACTICE § 12.26.8 (1971).

## THE QUESTION OF GROSS NEGLIGENCE

In her amended original petition plaintiff cites four matters as the proximate cause of her husband's death contending they constitute gross negligence. Summarized, the allegations are that Southland failed to provide security for its employees and customers to prevent their subjection to the grave danger of robbery and failed to instruct its employees on means to identify possible robbers and avoid violence. Further, Southland failed to notify the public by signs in windows and strategic places that employees cannot open the store safe; signs that large amounts of cash are not kept in the cash register; signs that security systems are in effect in the store; and signs that Southland offers rewards in case of robberies (presumably for information leading to arrest of robbers). Further, the position of advertisements on the windows and the location of the cash register and counter prevented the public from seeing the deceased when the crime occurred.

■ Plaintiff's affidavit in response to Southland's motion for summary judgment stated that her husband did not receive security training; she never observed any security device or system in operation at the store, nor security guards. By granting the motion for summary judgment, the trial court necessarily decided the petition did not state a cause of action grounded on the gross negligence of Southland. Because the deceased was covered by workers' compensation insurance, it is established that the question of ordinary negligence is removed from the case. *Castleberry v. Goolsby, supra* at 666; *Bennett v. Howard*, 141 Tex. 101, 170 S.W.2d 709, 712 (1943). If the trial court had before it only the ordinary negligence claim, that claim would be barred, and a summary judgment should be granted.

■ The Texas Constitution, article 16, section 26 provides:

> Every person, corporation, or company, that may commit a homicide, through a wil[l]ful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

The Workers' Compensation Act, article 8306, section 5, expressly recognized the

1. Article 8306, section 5 states:
   Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employee whose death is occasioned by homicide from the willful act or omission or gross negligence of any person, firm or corporation from the employer of such employee at the time of the injury causing the death of the latter. In any suit so brought for exemplary damages the trial shall be de novo, and no presumption shall exist that any award, ruling or finding of the Industrial Accident Board was correct. In any such suit, such award, ruling or finding shall neither be pleaded nor offered in evidence.

constitutional rule that when compensation has been paid in an employee's death, that fact will not bar the suit for exemplary damages. *King v. Keystone-Fleming Transport*, 299 S.W.2d 747, 750 (Tex.Civ. App.—Amarillo 1957, writ ref'd n.r.e.). However, the Supreme Court, in *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 150, 70 S.W.2d 397, 409 (1934) announced that as a prerequisite to recovery of exemplary damages, a plaintiff must show first he is *entitled* to actual damages, i.e., damages which he would have recovered but for the Workers' Compensation Act. It is not required that the beneficiaries recover actual damages in the same suit, but they must present evidence which proves the actual damages they would recover but for the Act.[2] This provides the basis and the ratio for exemplary damages.

■ Because this is a common law action, the employer may utilize those defenses available when the suit is based on gross negligence. *Id.* at 408. *See* TEX.REV. CIV.STAT.ANN. art. 2212a, § 1 (Vernon Supp. 1982–1983) as to the application of the comparative negligence law, if the decedent is found to be negligent.

■ It is Texas law that a non-delegable duty of a corporation, as in this case, is to furnish the employee with a reasonably safe place to work. Another non-delegable duty of a Texas corporation is to provide rules and regulations for the safety of its employees and to warn them, under certain conditions, of the hazards of their employment. *Fort Worth Elevators. v. Russell*, *supra* at 401. Therefore, in order to recover in the present case, the plaintiff must establish that Southland had these non-delegable duties and that Southland committed gross negligence in the performance of its non-delegable duties to furnish plaintiff's decedent husband with a reasonably safe place to work and to provide rules and regulations for the safety of the decedent and to warn him, under certain conditions, of the hazards of his employment. Further, plaintiff must prove any acts of gross negligence were the proximate cause of the

employee's death. Failure to prove these facts will preclude a recovery of exemplary damages.

■ Texas approves the common law definition of gross negligence enunciated in *Missouri Pacific Railroad Co. v. Shuford*, 72 Tex. 165, 10 S.W. 408, 411 (1888):

> Gross negligence, to be the ground for exemplary damages, should be that *entire want of care* which would raise the belief that the act or omission complained of was the result of a *conscious indifference* to the right or welfare of the person or persons to be affected by it. [Emphasis added.]

This stringent standard is employed in cases wherein the survivor seeks exemplary damages from the employer although previously receiving workers' compensation benefits. The Supreme Court, in *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex.1981), reaffirmed that the correct definition of gross negligence is that set out in the *Shuford* case and is the standard to be applied in cases prosecuted under article 8306, section 5 of the Workers' Compensation Act. It further stated that "heedless and reckless disregard" and "gross negligence" are synonomous terms and should be defined to the jury in the same terms. What lifts *ordinary* negligence into *gross* negligence is the mental attitude of the defendant. The plaintiff must show conscious indifference by the defendant to his rights, welfare, and safety. Such conduct can be active or passive in nature. *Id.* at 922. These are matters for fact consideration and fact issues.

### THE PLEADINGS

■ While this court has not found a Texas case with facts similar to this one, in the face of the constitutional provision of article 16, section 26, we cannot say there can never be such a cause of action. Although this Court does not know whether the facts and circumstances in this case will support the allegations of gross negligence, an affirmance of the summary judg-

---

**2.** *See* e.g. *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 915 (Tex.1981).

ment would be tantamount to our declaration that an employer can never be liable for the homicide of an employee killed in a robbery, that is, that the cause of action based on gross negligence does not exist. Under TEX.R.CIV.P. 45 and 47, pleadings are sufficient if they give the opposing attorney fair notice of the claim involved. *Castleberry v. Goolsby Building Corp.,* *supra* at 666. The object and purpose of pleading is to give fair and adequate notice to the party being sued of the nature of the cause of action asserted against him so he may adequately prepare his defense. *Id.* The allegations in the amended original petition in this case are sufficient to give fair notice to Southland that this cause of action was for "gross negligence" pursuant to article 8306, section 5.

We find plaintiff did plead a cause of action. We have no factual evidence before the Court to review in a summary judgment proceeding. For this Court to speculate whether or not the trier of fact might find the acts and omissions alleged against Southland, if proved, constitutes gross negligence, or even negligence, is beyond our prerogative. We hold it is for the jury, and not this Court, to determine whether the plaintiff presents evidence to convince the jury there is gross negligence. If a jury so determines, then plaintiff will be entitled to exemplary damages.

We sustain plaintiff's point of error that the summary judgment should not have been granted because the pleadings state a cause of action and there remain material issues of fact to be determined. The judgment is reversed and the case is remanded for trial.