**Ernest DELESMA, et al., Plaintiffs,**

v.

**CITY OF DALLAS and The State Fair of Texas, Defendants.**

**Civ. A. No. 3-83-0971-H.**

United States District Court,
N.D. Texas,
Dallas Division.

May 25, 1984.

Michael M. Daniel, Julian, Daniel & Villareal, Dallas, Tex., for plaintiffs.

Sam A. Lindsay, Asst. City Atty., City of Dallas, Dallas, Tex., Jeffrey S. Lynch, Vial, Hamilton, Koch, Tubb & Knox, Dallas, Tex., for defendants.

### MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on Defendant City of Dallas' Motion for Summary Judgment, Exhibits and Memorandum in Support thereof, filed March 14, 1984; Defendant State Fair of Texas' Motion for Summary Judgment, Exhibits and Memorandum in Support thereof, filed March 14, 1984; Plaintiffs' Response thereto, filed April 12, 1984; Defendants' Reply to Plaintiffs' Response, filed April 23, 1984; and Plaintiffs' Supplemental Summary Judgment Response, filed May 2, 1984. As more fully explained below, the Court is of

the opinion that Defendants' Motions should be granted.

### Factual Background

The uncontroverted record before the Court is as follows: On October 14, 1960, Plaintiffs' decedent, Guadalupe Delesma ("Decedent"), was shot and wounded by J.W. Henson ("Henson") on the grounds of the Defendant State Fair of Texas ("State Fair"). Henson was a guard engaged on a temporary basis by the State Fair. Pursuant to a contract between Defendant City of Dallas ("City") and Defendant State Fair, any guards so engaged would be subject to the direction of the Dallas Police Department. Exhibit 1, Defendant City's Motion.

Decedent subsequently brought suit against Defendant State Fair and Henson in state court, alleging that the injury he received in the shooting was caused by their negligence. Exhibit 2, Defendant City's Motion. On August 17, 1961, a take-nothing judgment was rendered against Decedent, based upon a jury finding of contributory negligence. Exhibits 3 & 4, Defendant City's Motion.

Decedent died on November 7, 1982. On June 8, 1983, Plaintiffs herein filed their Complaint, alleging violations by Defendants of Decedent's rights to due process under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Plaintiffs also seek recovery under the Texas Wrongful Death Act, TEX. REV.CIV.STAT.ANN. art. 4671 *et seq.*

Both Defendants now seek judgment in their favor as a matter of law. They argue, inter alia, that: (1) the action is barred by the doctrines of res judicata and collateral estoppel; (2) the action is barred by the applicable statute of limitations; (3) the state action requirement of Section 1983 is not satisfied; (4) liability against the City is barred by the doctrine of governmental immunity; (5) because the applicable statute of limitations would bar Decedent's recovery had he survived, Plaintiffs' action is

similarly barred. TEX.REV.CIV.STAT. ANN. art. 4672 (Vernon 1952). The Court has concluded that Article 4672 bars recovery by Plaintiffs in this lawsuit; therefore, it need not, and does not, reach the other issues Defendants raise.

### Discussion

■ Death resulting from a civil rights violation may give rise to a federally enforceable claim for the damages sustained by the survivors of the victim. *Brazier v. Cherry*, 293 F.2d 401, 407 (5th Cir.), *cert. denied*, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961). The law of the forum state, however, determines whether the wrongful death action will lie. *Id.;* 42 U.S.C. § 1988. *See also, Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978).

■ Texas law provides a cause of action for the death of any person caused by the "wrongful act, neglect, carelessness, unskilfulness, or default" of another. TEX. REV.CIV.STAT.ANN. art. 4671(1) (Vernon Supp.1984). In order for the survivors to be able to maintain the action, however, "[t]he wrongful act, negligence, carelessness, unskilfulness or default ... must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury." *Id.* art. 4672 (Vernon 1952).

At the time of Decedent's death, almost twenty-three years had elapsed since he incurred the injuries that give rise to the allegations in this lawsuit; thus, his claim had long been barred by the applicable statute of limitations. *See id.* art. 5526(4) (Vernon Supp.1984). Therefore, had he survived, he would not have been entitled to maintain an action for such injury.[1]

The Court has found no Texas cases addressing the issue of the effect on a wrongful death suit of a statute of limitations bar to the decedent's right of recovery. Other cases interpreting Article 4672, however, make it clear that the courts strictly con-

---

**1.** Decedent did, of course, file suit against the Defendant State Fair in 1961, before the limitations period had run. He never brought a claim, however, against Defendant City of Dallas.

strue its language. The Wrongful Death Act, it is said, was enacted to eradicate the common law rule (that no cause of action for wrongful death exists) and not to bestow rights superior to those that could have been asserted by the decedent; the cause of action, then, is subject to all the conditions to which the decedent's action would have been subject. *Kelley v. City of Austin*, 268 S.W.2d 773, 775 (Tex.Civ.App. —Austin 1954, no writ). Thus,

> [U]nder the express provisions of the Wrongful Death Act, the plaintiff is permitted to assert any basis for recovery that the decedent could have asserted if he were alive, *and no other;* and that the defendant can assert *any* defense to that cause of action that it could have asserted if the decedent had survived, and no other.

*Vassallo v. Nederl-Amerik Stoomv Maats Holland*, 162 Tex. 52, 344 S.W.2d 421 (1961) (emphasis added).

Article 4672 has been applied to bar a survivor's recovery where the decedent's recovery would have been barred by governmental immunity, *Karling v. Lower Colorado River Authority*, 303 S.W.2d 495 (Tex.Civ.App.—Austin 1957, writ ref'd n.r. e.), by failure to give notice of claim, *Kelley v. City of Austin, supra;* by interspousal tort immunity (now abolished), *see Bounds v. Caudle*, 560 S.W.2d 925 (Tex. 1978); by contributory negligence, *see Schwing v. Bluebonnet Express, Inc.*, 489 S.W.2d 279 (Tex.1973); by release, *Thompson v. Ft. Worth & R.G. Ry. Co.*, 97 Tex. 590, 80 S.W. 990 (1904); and where the decedent would have had no cause of action because his injuries were suffered in utero (doctrine now abolished), *see Leal v. C.C. Pitts Sand and Gravel, Inc.*, 419 S.W.2d 820 (Tex.1967).

In the opinion of the Court, Article 4672 also bars a survivor's recovery where the decedent's recovery would have been barred by limitations. Courts in other jurisdictions construing similar statutory language concur with this reasoning. *See, e.g., Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 570 & n. 7 (3rd Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); *Brubaker v. Cavanaugh*, 542 F.Supp. 944, 948 (D.Kan.1982).

Any other result would jeopardize the interests protected by the statute of limitations. Its purpose is to compel the settlement of claims "while the evidence upon which their enforcement or resistance rests is yet fresh in the minds of the parties or their witnesses." *Hallaway v. Thompson*, 148 Tex. 471, 226 S.W.2d 816, 820 (1950) (citation omitted). The evil it sought to remedy was to prevent enforcement "after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established." *Id. See also Buie v. Couch*, 126 S.W.2d 565 (Tex.Civ.App.— Waco 1939, writ ref'd).

In conclusion, the Court finds that Plaintiffs' claims under both federal and state law are barred by Article 4672. Therefore, Defendants' Motions should be, and each is hereby, GRANTED. Judgment will be entered accordingly.

SO ORDERED.