Pauline V. TERRY

v.

TYLER PIPE INDUSTRIES, A.P. Green
Fire Brick Company and A.P. Green
Refractories Co., a Division of United
States Gypsum Company.

Pauline TERRY

v.

PENNSYLVANIA SAND GLASS
CORPORATION, et al.

Civ. A. Nos. B–85–1191–CA,
B–85–1495–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 25, 1986.

Mike Jacobellis, Tonahill, Hile, Leister &
Jacobellis, Beaumont, Tex., for plaintiff.

Gene Caldwell, Tyler, Tex., David Ledyard, Beaumont, Tex., Robin E. Harvey, Cincinnati, Ohio, Dale G. Markland, Dallas, Tex., John M. Smith, Longview, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

In a consolidated action before this court, plaintiff Pauline V. Terry alleges the wrongful death of her husband resulted from the defendants' negligence, gross negligence, breach of warranty, and invokes the doctrine of strict products liability. This action is now before this court on defendants' motions for summary judgment.

## I. FACTS

Plaintiff's husband, Herschel Terry, was employed by defendant A.P. Green Refractories Company (A.P. Green) from 1948 to 1960, and by defendant Tyler Pipe Industries (Tyler Pipe) from 1965 to 1969. During Terry's employment with these two companies, he was exposed to contaminated mixtures of air and industrial dust as part of his work environment.

In April of 1977, Terry was hospitalized for a severe cough and was treated by his physician, Dr. Bussey. During the admission history taken at this time, Terry acknowledged having been heavily exposed to industrial dust during prior conditions of employment. The hospital admissions summary showed Terry was notified that tuberculosis was suspected and was further diagnosed as having pneumoconiosis bilateral (silicosis). The pneumoconiosis/silicosis diagnosis was discussed with Terry, and he was informed that this diagnosis stemmed from his history of exposure to industrial dust and sand.

In May, 1977, further testing of Terry revealed that tuberculosis was not the cause of his ailment. Dr. Bussey's work-ing diagnosis of pneumoconiosis/silicosis became the approach to Terry's problem, and Terry was again informed of these developments. A radiologist report later confirmed the correctness of Dr. Bussey's initial clinical diagnosis of pneumoconiosis/silicosis.

On January 26, 1980, Terry was hospitalized for accidental injuries. During his treatment for these injuries, Terry was examined by Dr. Bessell, a lung specialist. During this period of hospitalization, Terry again associated his lung problems to the working conditions of his prior employment.[1] On June 12, 1980, Terry filed a workers' compensation claim against Tyler Pipe and A.P. Green for lung problems which he related to dust exposure while in their employment.[2]

From January of 1981 through November of 1983, Terry was admitted and released from hospitals for respiratory problems associated with the pneumoconiosis/silicosis diagnosis. These respiratory problems eventually led to his death on December 6, 1983. An autopsy performed on Terry shortly thereafter revealed that the cause of his death was industrial related silicosis.

## II. PROCEDURAL HISTORY

On August 28, 1985, after a consolidation of a prior similar case, Pauline V. Terry instituted this present action, alleging the wrongful death of her husband. Named in this lawsuit were Terry's employers, A.P. Green and Tyler Pipe, and other suppliers and distributors of the products used by Terry, namely, the Hill & Griffith Co., Inc. (Hill & Griffith), Pennsylvania Glass Sand Corp., (Pennsylvania Glass), and Dresser Industries, Inc. (Dresser). American Colloid Company (American Colloid) was brought into this suit as a third party defendant by Hill & Griffith. Pennsylvania Glass and Hill & Griffith also instituted third party actions against Dresser. A.P.

1. In her deposition, Mrs. Terry stated that Mr. Terry felt his exposure to industrial dust caused his lung problems. Deposition of Plaintiff Terry, p. 56.

2. The Industrial Accident Board has taken no action on this matter at the present time.

Green and Hill & Griffith have separately filed cross-actions against all other defendants respectively under the ancillary jurisdiction of this court, and seek indemnity and/or contribution in the event judgment is entered against them. All defendants have moved for summary judgment.

## III. CLAIMS AGAINST SUPPLIERS AND DISTRIBUTORS OF THE PRODUCTS USED BY DECEDENT ARE BARRED BY LIMITATIONS

### A. THE DERIVATIVE NATURE OF THE TEXAS WRONGFUL DEATH ACT

The defendants Pennsylvania Glass, Dresser, Hill & Griffith, and American Colloid, were the suppliers and distributors of the allegedly defective products used by Terry during his employment with A.P. Green and Tyler Pipe. Plaintiff contends that Terry's use of these defective products caused his injuries and death, and now asserts claims for personal injury, breach of warranty and exemplary damages on his behalf. The issue which this court must decide is whether, pursuant to the Texas Wrongful Death Act, plaintiff is entitled to maintain said actions on behalf of Terry when these actions would be barred by limitations if Terry had brought them.

Pursuant to Texas statutory and case law, a cause of action under the Texas Wrongful Death Act is by its very nature a derivative action. Under the present Texas Wrongful Death Act, Section 71.003 of the Texas Civil Practice and Remedies Code provides in part:

(a) This subchapter applies only if the individual injured would have been entitled to bring an action.

The statutory language above clearly indicates that if the decedent cannot assert an action if he had survived, plaintiff likewise cannot maintain such an action. Texas case law is consonant with this position.

■ In construing Art. 4672, the predecessor statute to Section 71.001, *et seq.*, Texas courts have recognized that a wrongful death action is derivative in that the beneficiaries stand in the decedent's shoes, and, as such, file suit on his behalf. Texas courts have also held that the controlling issue in such a case is whether the tortfeasor is liable to the decedent, and that a wrongful death action cannot be maintained successfully when the decedent could not have recovered had he survived the injuries. *Washam v. Hughes*, 638 S.W.2d 646 (Tex.App.—Austin 1982, writ ref'd n.r.e.); *Schwing v. Bluebonnet Express, Inc.*, 489 S.W.2d 279 (Tex.1973); *Vassallo v. Nederl-Amerik Stoomv Maats Holland*, 162 Tex. 52, 344 S.W.2d 421, 424 (1961). The Fifth Circuit also recognizes and adopts this position. *Delesma v. City of Dallas*, 770 F.2d 1334, 1338 (5th Cir. 1985); *Graffagnino v. Fibreboard Corp.*, 781 F.2d 1111, 1113 (5th Cir.1986). Thus, it is clear to this court a beneficiary seeking a claim under the Texas Wrongful Death Act has no greater cause of action than that which could have been asserted by the deceased.

■ Because of the derivative nature of a wrongful death action, a defendant is allowed to invoke several defenses that could have been raised against the decedent. Among the defenses recognized by Texas courts in this regard are release,[3] contributory negligence,[4] and governmental immunity.[5] Although the parties have cited no cases where Texas courts have directly addressed whether limitations is a viable defense which can be asserted against the beneficiaries of the decedent, one federal court which applied Texas law held that if a decedent had survived his injuries and the decedent's recovery would

---

**3.** *See Thompson v. Fort Worth and R.G. Ry. Co.*, 97 Tex. 590, 80 S.W. 990, 991 (1904), and *McClellan v. Boehmer*, 700 S.W.2d 687, 690 (Tex. Civ.App.—Corpus Christi 1985, no writ).

**4.** *See Lofton v. Norman*, 508 S.W.2d 915, 922 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.), and *Conway v. Chemical Leaman Tank Lines, Inc.*, 487 F.Supp. 647, 648 (E.D.Tex.1980).

**5.** *Kelley v. City of Austin*, 268 S.W.2d 773, 775 (Tex.Civ.App.—Austin 1954, no writ).

have been barred by limitations, then the beneficiary could not recover. *Delesma v. City of Dallas,* 588 F.Supp. 35 (N.D.Tex. 1984), *aff'd,* 770 F.2d 1334 (5th Cir.1985). Although the Fifth Circuit, in affirming this decision, based its opinion on alternative grounds and did not address the present issue, this court is persuaded as to the validity of the cited authority and holds that when a decedent would be barred by limitations from asserting a cause of action, the beneficiaries under the Texas Wrongful Death Act likewise are precluded by limitations from asserting such a claim. Courts in other jurisdictions construing similar statutory language have agreed with this conclusion.[6] Thus, plaintiff's wrongful death action is barred by the statute of limitations if Terry failed to assert his claim within the appropriate limitation period.

## B. STATUTE OF LIMITATIONS FOR PERSONAL INJURIES

Section 16.003 of the Texas Civil Practice and Remedies Code, formerly Art. 5526 of the Revised Civil Statutes of Texas, provides a two-year limitation period in which to file an action for personal injuries. Texas courts have generally recognized under § 16.003(a) that a cause of action for personal injuries accrues from the date the plaintiff learned, or reasonably should have learned of the injury and its probable cause. *Weaver v. Witt,* 561 S.W.2d 792, 793–94 (Tex.1977); *Hays v. Hull,* 488 S.W.2d 412, 414 (Tex.1972); *Stiles v. Union Carbide Corp.,* 520 F.Supp. 865 (S.D. Tex.1981); *Timberlake v. A.H. Robins, Inc.,* 727 F.2d 1363, 1364–1366 (5th Cir. 1984); *Mann v. A.H. Robins Co., Inc.,* 741 F.2d 79, 81 (5th Cir.1984). Thus, this discovery test requires that the decedent Terry knew or reasonably should have known

(1) he was injured, and (2) the factual cause of his injury.

In determining whether Terry knew or should have known of his injury, Texas courts focus on whether the accumulated effects of Terry's exposure to industrial dust manifested themselves in some type of physical symptoms. *Borel v. Fibreboard Paper Products Corp.,* 493 F.2d 1076, 1102 (5th Cir.1973). Furthermore, Texas case law indicates that a physician's diagnosis of a plaintiff's illness or injury is sufficient to establish that the plaintiff discovered the probable cause of his injuries. *See, Dubose v. Kansas City Southern Ry. Co.,* 729 F.2d 1026 (5th Cir.1984); *Fusco v. Johns-Manville Products Corp.,* 643 F.2d 1181, 1182 (5th Cir.1981); *Roman v. A.H. Robins Co., Inc.,* 518 F.2d 970 (5th Cir. 1975).

It is the opinion of this court that as of May 1977, Terry came to know that he was suffering from a lung disease, and that such disease was causally related to industrial dust exposure during his employment with A.P. Green and Tyler Pipe. In April 1977, Terry's physical condition was such that he was forced to seek medical attention for a chronic lung problem.[7] Thus, under the first part of the *Borel* discovery test, the effects of Terry's exposure had manifested themselves physically. In May of 1977, the second part of the discovery test was met when the preliminary diagnosis of tuberculosis was ruled out, and Dr. Bussey established a clinical diagnosis of pneumoconiosis/silicosis, which he attributed to Terry's employment conditions.[8] Since Terry was informed of these findings at that time, this court finds that as of May 1977, the statute of limitations began to run on Terry's personal injury action, and that Terry's cause of action against the distributors and suppliers was

---

**6.** *Adams v. Armstrong World Industries, Inc.,* 596 F.Supp. 1407 (D.Idaho 1984), *appeal pending, sub nom, Waters v. Armstrong World Industries, Inc.,* 773 F.2d 248 (9th Cir.1985). In *Adams,* the court found 26 cases requiring that the decedent must *not* be barred by the statute of limitations at the time of his death in order to

permit recovery on a wrongful death claim and only 8 cases to the contrary.

**7.** Deposition of Dr. Bussey, pp. 5 and 6.

**8.** *Id.,* pp. 11 and 12.

barred by the end of May, 1979.[9] Thus, at the time of Terry's death in 1983, he had no cause of action for personal injuries from which a wrongful death claim could be derived. Accordingly, plaintiff's cause of action is also barred.

## C. STATUTE OF LIMITATIONS FOR BREACH OF IMPLIED WARRANTY

In determining when the statute of limitations begins to run under a claim for breach of implied warranty, this court must look to § 2.725 of the Texas Business & Commerce Code Annotated, which provides:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action accrued.

(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made,* except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

As necessitated by the language above, Terry was required to file suit within four years from the date on which defendant's defective goods were delivered in order to preserve a claim for breach of implied warranty. *Timberlake v. A.H. Robins Co., Inc.,* 727 F.2d 1363, 1367 (5th Cir.1984). Since Terry was allegedly exposed to products manufactured by the defendants for the last time in 1969 when he quit working at A.P. Green, the four-year limitation period lapsed in 1973. Accordingly, plaintiff's wrongful death claim for breach of implied warranty is derivatively barred by limitations since Terry could not assert such a

cause of action at the time of his death in 1983.

## D. EXEMPLARY DAMAGES

■ Plaintiff also asserts a claim for exemplary damages against the non-employer defendants. As a precondition to the recovery of exemplary damages, plaintiff must establish that she is entitled to recover actual damages. *Ghazali v. Southland Corp.,* 669 S.W.2d 770 (Tex. App.—San Antonio 1984, no writ); *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397 (1934). Since plaintiff can recover no actual damages in that her claims are derivatively barred by limitations under the Texas Wrongful Death Act, it follows that plaintiff is also precluded from recovery of exemplary damages. Furthermore, Texas courts apply the same statute of limitations to causes of action for exemplary damages that is applied to underlying tort. See *Koenning v. Manco Corporation,* 521 S.W.2d 691 (Tex.Civ.App. —Corpus Christi 1975) *writ ref'd n.r.e., per curiam,* 531 S.W.2d 805 (Tex.1975). Since the plaintiff's underlying tort claim is time barred, plaintiff's claim for exemplary damages is likewise barred.

Therefore, the motions for summary judgment by Pennsylvania Glass, Dresser, Hill & Griffith, and American Colloid are hereby GRANTED, and all claims against said defendants are DISMISSED with prejudice.

## IV. CLAIMS AGAINST THE EMPLOYERS OF THE DECEDENT TERRY

This court next considers the motions for summary judgment of A.P. Green and Tyler Pipe, the employers of Mr. Terry. Before proceeding to rule on the merits of the defendant's motions, this court must first narrow the scope of plaintiff's claim and define the issues involved.

---

**9.** It is also significant to this court that Terry filed a workers' compensation claim in June of 1980. This action further confirms Terry's own conviction that his lung disease was caused by the acts of the defendants. It should be noted that plaintiff's claim would still be barred by limitations even if this date is used to begin the running of the limitation period since Terry's personal injury claim would have been barred in June of 1982.

## A. PLAINTIFF'S CLAIM UNDER THE TEXAS WORKERS' COMPENSATION ACT

It is uncontroverted that the defendants A.P. Green and Tyler Pipe carried workers' compensation insurance which had the effect of limiting plaintiff's claims to the provisions of the Texas Worker's Compensation Act. Under the exclusive remedy provisions of the Act, an employee, the parents of minor employee, and the representative or beneficiary of a deceased employee are precluded from bringing suit against the employer to recover actual damages for injuries or death resulting from work-related accidents or the employer's mere negligence. TEX.REV.CIV. STAT.ANN. Art. 8306, § 3. Thus, plaintiff has no claim against A.P. Green and Tyler Pipe for the negligent death of Terry.

With respect to plaintiff's claim for exemplary damages, Art. 16, § 26 of the Texas Constitution expressly provides for the recovery of exemplary damages by certain classes of survivors:

> Every person, corporation, or company, that may commit a homicide through willful acts, or omissions, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceedings that may or may not be had in relation to the homicide.

In order to insure that the exclusiveness of the Texas Workers' Compensation Act did not bar the recovery of exemplary damages as mandated by the Texas Constitution, the legislature in Art. 8306 § 5 of the Act, expressly exempted exemplary damages from the purview of the Act. *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153 (5th Cir.1984); *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934). Art. 8306, § 5, provides in part:

> Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employee whose death is occasioned by homicide from the willful act or omission or gross negligence of any person, firm, or corporation from the employer of such employee at the time of the injury causing the death of the latter.

Courts construing Art. 8306 § 5 have stated that the purpose of this provision was not to create a cause of action for exemplary damages, but to save an existing cause of action in order to comply with Art. 16, § 26, of the Texas Constitution. *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1155 (5th Cir.1984), *cert. denied*, 469 U.S. 1163, 105 S.Ct. 921, 83 L.Ed.2d 933 (1985); *Duhart v. State*, 610 S.W.2d 740, 743 (Tex.1980); *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934). Thus, this court finds that plaintiff's sole cause of action against Tyler Pipe and A.P. Green is one for exemplary damages. As a result, the issue which this court must decide is whether plaintiff can maintain a cause of action for exemplary damages for the wrongful death of Terry. This court holds that plaintiff is not precluded from maintaining said cause of action.

## B. THE DERIVATIVE NATURE OF A WRONGFUL DEATH ACTION DOES NOT APPLY WHERE THE DECEDENT'S CLAIMS ARE BARRED BY THE TEXAS WORKERS COMPENSATION ACT

It is a well-established rule under Texas law that a plaintiff attempting to recover exemplary damages must first show himself entitled to recover actual damages. *See Ritz v. City of Austin*, 1 Tex.Civ.App. 455, 20 S.W. 1029, 1031 (Tex.Civ.App.— 1892, writ ref'd.); *Go International, Inc. v. Lewis*, 601 S.W.2d 495, 499 (Tex.Civ.App. —El Paso 1980, writ ref'd n.r.e.); *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 409 (1934); and *Ghazali v. Southland Corp.*, 669 S.W.2d 770 (Tex.App.—San Antonio 1984, no writ). In the present case, the only action through which plaintiff can recover actual damages is a theoretical wrongful death action.

Texas law is clear that such an action is derivative in nature in that plaintiff, as beneficiary, has no greater cause of action than that which could have been asserted by the decedent Terry. See, discussion, *supra.* Based upon this derivative nature, defendants maintain that, since Terry's cause of action for personal injuries is barred by limitations, plaintiff's present cause of action is likewise barred. Defendants conclude that where plaintiff has no cause of action, plaintiff can recover no actual damages as such, therefore no exemplary damages can be recovered.

Although this argument is a logical reading of the Texas Wrongful Death statute and its jurisprudence, the derivative nature of a wrongful death action has no application to the present case where decedent Terry's common law tort claims are barred by the Texas Workers Compensation Act.

It is uncontroverted that Art. 8306 § 3 prohibited Terry from asserting a personal injury action against A.P. Green and Tyler Pipe for their negligent acts.[10] See discussion *supra.* Additionally, Terry had no cause of action under Art. 8306 § 5 for exemplary damages since this provision permitted only the surviving husband, wife, or heirs at law to bring an action against Terry's employers for their willful or grossly negligent acts. Finally, Terry was precluded from asserting a common law action against his employers for their intentional torts. The Texas Workers' Compensation Act does not bar an employee from recovering against his employer for intentional torts; however, if the employee proceeds under the Act and files a claim for benefits, he is then prevented from asserting a common law action for an intentional tort. *Massey v. Armco Steel Co.,* 652 S.W.2d 932 (Tex.1983). The employee is said to elect his remedy and is estopped from proceeding to recover damages outside the Act. *Massey,* 652 S.W.2d at 934. In the case at bar, Terry filed a workers' compensation claim for benefits, and is

therefore precluded from asserting a claim against A.P. Green and Tyler Pipe for their intentional torts.

As a result, Terry never possessed nor could have maintained real or theoretical causes of action against A.P. Green and Tyler Pipe, his employers. Since it would have been futile under the Act for Terry to file suit for personal injuries, Terry had no reason to bring suit within the two-year limitation period, even after he discovered the cause of his lung disease. Thus, defendants' theory under the Texas Wrongful Death statute that plaintiff's claim for exemplary damages is derivatively barred by limitations invokes an inherent unfairness on plaintiff. Under a strict reading of the Texas Workers' Compensation Act applied to the present case, plaintiff should be allowed to assert her claim for exemplary damages.

Further, under Art. 8306 § 5, plaintiff had no cause of action for exemplary damages until the moment of Terry's death. During his lifetime, Terry could never have brought a suit against his former employers for his wrongful death, nor could his statutory beneficiaries. A cause of action for wrongful death accrues when the decedent departs this life, and not before. This court finds that plaintiff timely filed her suit against Terry's former employer for Terry's wrongful death within the two-year limitation period after Terry's death, and is therefore not barred from maintaining her cause of action for exemplary damages.

The court concedes that any other reading of the Texas Workers' Compensation Act or the Texas Wrongful Death statute would place these statutes in inherent conflict. This court is under a duty to reasonably interpret these statutes to avoid such conflict. In doing so, this court finds that the Texas Wrongful Death Statute and its jurisprudence does not preclude plaintiff's claim for exemplary damages for the death of her husband stemming from the gross negligence of his employers. Genuine is-

---

**10.** The theory behind this exclusive remedy provision is that the employee relinquishes his common law tort remedies for more limited benefits which are paid quickly, efficiently, and without proof of fault.

sues of material fact remain as to defendants' gross negligence and/or willful acts. Therefore, motions for summary judgment filed by Terry's former employers are hereby DENIED.

## V. CONCLUSION

In summation, this court holds that the motions for summary judgment of the defendants Pennsylvania Glass, Hill & Griffith, Dresser, and American Colloid are hereby GRANTED, and all claims against said defendants are DISMISSED WITH PREJUDICE, in that plaintiff's claims are barred by limitations. This court additionally holds that the motions for summary judgment of the defendants A.P. Green and Tyler Pipe are hereby DENIED, since plaintiff states a cause of action for exemplary damages pursuant to Art. 8306 § 5 of the Texas Workers' Compensation Act.